UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHANNON COUNTY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:21cv128 SNLJ |
| | ) |
| L-A-D Foundation, Inc., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs filed this action in the Circuit Court for Shannon County, Missouri against defendant L-A-D Foundation, Inc., which is the owner of certain tracts of land near the Current River. Plaintiffs allege that defendant disputes the existence of certain "public roads" within those tracts of land and that defendant has threatened to interfere with the public's use of those roads. Plaintiffs thus seek a declaratory judgment declaring that the roads are public and available for use by the general public and a permanent injunction enjoying defendant from interfering with or obstructing the public's use of those roads.

Defendant removed the case to this Court, relying on this Court's federal question jurisdiction under 28 U.S.C. § 2409a, which governs quiet title actions over real property in which the United States government has an interest. Defendant contends that two factors must be present to trigger the Quiet Title Act: (1) the United States claims an interest in the property, and (2) there is a dispute over the title to that property. *Lesnoi,*

1

*Inc. v. United States*, 170 F.3d 1188 (9th Cir. 1999).  "Under this standard, a plaintiff need not show the United States took direct action to close or deny access to a road—indirect action or assertions that actually conflict with a plaintiff's title will suffice." *Kane County, Utah v. United States*, 772 F.3d 1205, 1212 (10th Cir. 2014).  If the two Quiet Title Act factors are met, then the government's sovereign immunity is waived and federal jurisdiction exists under the Federal Tort Claims Act, 28 U.S.C. § 1346(f).

Defendant maintains, and plaintiff appears to concede, that the United States has a scenic easement over the relevant property tracts.  So defendant removed the case to this Court and has also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join the United States as a party.

Plaintiff has moved to remand the case back to Shannon County [Doc. 10], arguing that this Court does not have jurisdiction under either 28 U.S.C. § 1346(f) or 2409a.  Plaintiff's position appears to be that the United States does not dispute plaintiffs' claim that a public road exists in the relevant areas, so jurisdiction does not exist. Plaintiff notes that the National Park Service's June 2021 Roads and Trails Management Plan/Environmental Assessment (the "Plan") advises that (1) the United States and plaintiffs agree that two of the subject roads (Bluff School and Lewis Hollow) are indeed public roads, and (2) the United States does not dispute that the third road (Woods Hole) is public, and it is left for continued negotiations between plaintiffs and defendants or a Court order.  Plaintiffs say that the Plan is a "preliminary draft" and that it cannot support that the United States has any dispute with plaintiff over the nature of the three roads at issue in this case.  Plaintiffs' counsel says it "remains optimistic that plaintiffs and the

2

United States will resolve all disputes through settlement ahead of the final plan's publication. If not, and once a final decision has been made, litigation will follow." [Doc. 18 at 2 n.1.] Defendant disputes that the Plan is a draft because the Plan does not identify itself as a draft at all. Instead, the Plan discusses "draft" alternatives that existed in the past, but ultimately the Plan identifies the National Park Service's "preferred alternative." Plaintiff retorts that other parts of the Plan suggest that such a "preferred alternative" is not a final agency action," and that defendant ignores aspects of the Plan that suggest it is a draft.

Defendant further responds that, in fact, the Plan reveals that the National Park Service ("NPS") prefers that "All undesignated roads would be removed and restored the natural conditions, including roads identified for closure in the 1991 Roads and Trails Study that have not been closed to date." [Doc. 1-2 at 13.] Further, defendant says the Plan shows only a planned horse trail where the plaintiffs claim a road at Bluff School, calls for removal of the Lewis Hollow road (which is identified in the Plan as private), and no road is shown at Woods Hole. Additionally, although plaintiffs seek 30' of road width, none of the roads are that wide. Plaintiffs explain that they would stipulate to seeking a declaration for only the existing right-of-way width, but plaintiffs do not appear to address defendant's contention that NPS's current preference is to remove the roads altogether.

It appears without doubt that the United States has an interest in and that an active dispute exists with respect to the Bluff School, Lewis Hollow, and Woods Hole roads.

3

Plaintiffs insist the roads are public, but the United States appears to classify at least one road as private, and it appears to seek to restore the roads to "natural conditions."

Plaintiff still insists that "until the NPS makes a final decision, this Court should refuse jurisdiction and defer whether a dispute exists to the ongoing administrative process." [Doc. 18 at 5.]  That statement serves only to underscore that a dispute does currently exist.  It appears that this Court is the appropriate venue in which to adjudicate all the parties' interests.  To the extent an administrative process is ongoing, this Court can easily stay the matter to allow for that process to conclude if required.  The fact remains that NPS certainly has taken "indirect action or [made] assertions that actually conflict with a plaintiff's title" to the roads.  *Kane Co.*, 772 F.3d at 1212.  Thus, this Court finds that the United States is an essential party to this litigation to fully and fairly adjudicate the matter.

Defendant seeks dismissal of the case for failure to join the United States as a party.  Plaintiff has moved for joinder of the United States as a party in the event this Court determines that a dispute existed sufficient to invoke 28 U.S.C. §§ 1346(f) and 2409a.  Defendant consented to the motion for joinder.

4

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. 5] is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [Doc. 10] is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' motion for joinder of the United States as a party defendant [Doc. 19] is GRANTED.

**IT IS FINALLY ORDERED** that the United States shall be added to this matter as a defendant.

Dated this  4th   day of January, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE